FILED
Jul 05, 2022
12:27 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Courtney Lee | ) Docket No. 2020-08-0214 |
| | ) |
| v. | ) State File No. 109468-2019 |
| | ) |
| Federal Express Corporation, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

---

## Affirmed and Certified as Final

---

The employee reported sustaining injuries to her neck and low back after handling a box during the course and scope of her employment. The employer accepted the claim as compensable and provided authorized medical treatment. The authorized physician provided conservative care but later indicated he was unable to discern any objective findings supporting the need for continued medical treatment made reasonably necessary by the work accident. The physician placed her at maximum medical improvement, released her with no restrictions, and opined that no additional medical treatment was necessary for her work-related injuries. After a trial, the court found the injury to be compensable but found the employee had failed to prove entitlement to temporary or permanent disability benefits. Among other findings, the court's compensation order stated the employee was entitled to future medical treatment made reasonably necessary by the work accident with her treating physician. Thereafter, the employee filed a motion seeking additional medical benefits, which the employer declined to authorize. The trial court granted the employee's motion, determining that she was entitled to further evaluation by her treating physician, and the employer has appealed. We affirm the trial court's order and certify it as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Joseph B. Baker, Memphis, Tennessee, for the employer-appellant, Federal Express Corporation

Courtney Lee, Cleveland, Mississippi, employee-appellee, pro se

1

## Factual and Procedural Background

Courtney Lee ("Employee") was working for Federal Express Corporation ("Employer") on November 2, 2019, when she reported injuring her neck and lower back after handling a box. Employer accepted the claim as compensable and, on November 4, Employee saw a nurse practitioner who diagnosed her with neck and back pain, muscle spasms, and a musculoskeletal strain. The nurse practitioner provided several weeks of conservative treatment, ultimately referring Employee to an orthopedist due to ongoing and worsening symptoms. Employee selected Dr. Frederick Wolf from an Employer-provided panel, who also provided conservative treatment. Results from MRIs of Employee's cervical and lumbar spine were unremarkable, revealing only an "[i]ncidental finding of [a] nodule in the right lobe of the thyroid" and evidence of "[m]ild facet arthropathy in the lower lumbar spine." Dr. Wolf could not identify any objective findings to explain Employee's ongoing complaints of arm and leg numbness and returned her to full duty in December 2019.

Employee saw Dr. Wolf again in January 2020, reporting that she reinjured or aggravated her back upon returning to work for Employer. Dr. Wolf ordered a second MRI of Employee's lumbar spine, an MRI of Employee's pelvis and thoracic spine, and an EMG nerve conduction study of Employee's upper and lower extremities. As with Employee's previous radiologic findings, the results of imaging and diagnostic testing were described as unremarkable. Likewise, the x-ray report of Employee's lumbar spine taken in December 2019 noted a clinically "[n]ormal study." Dr. Wolf released Employee at MMI on January 23, 2020, and stated he had nothing further to offer her. Following a trial, the court issued a compensation order finding Employee had a compensable injury, requiring Employer to continue providing medical treatment with Dr. Wolf "for any work-related condition" and denying Employee's request for temporary and/or permanent disability benefits.

On January 31, 2022, Employee filed a motion for medical benefits, stating she was "awarded medical benefits but . . . Employer sent [her] a letter rejecting [her request] to see Dr. Wolf." In its letter to Employee, also dated January 31, Employer referred to Dr. Wolf's January 23, 2022 office note, stating that Dr. Wolf "indicate[d] that there is no additional medical treatment that [Employee] need[s] in terms of [her] workers' compensation injury . . . and, therefore, there is no need for [Employee] to return to [Dr. Wolf's] office."[1] The letter also informed Employee of Employer's position that it had "complied with the Compensation Order entered by the Court." In response to a January 31, 2022 written inquiry from Employer, Dr. Wolf wrote that he "[did] not feel [Employee] requires further medical treatment for her work[-]related injury, as [she] had

---

[1] Employer's reference to an office note dated January 23, 2022, appears to be a typographical error, as Employer's other references to Dr. Wolf's notes from this visit correspond to a January 23, *2020* date of service. The office note in question is not a part of the record on appeal.

2

no objective findings on her MRI's and EMG nerve conduction study that could be related to her work injury." Dr. Wolf added that he had "nothing further to offer her" but, importantly, wrote that he has "not refused to see her." Finally, Dr. Wolf concluded by stating "it is [his] medical opinion that there is no further treatment to offer for [Employee's] workman's [sic] compensation injury."

Employer filed a response to Employee's motion for medical benefits on February 16, 2022, and the motion was heard by the trial court on March 14. Following a hearing, the trial court ordered Employer to allow Employee to return to Dr. Wolf, stating that Employee had already proven that "she sustained a compensable work-related injury" and that Employee "is entitled to be evaluated by Dr. Wolf to determine whether [her] current complaints are related to her work injury and whether [she] needs any further treatment."[2] Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2021). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

## Analysis

In its notice of appeal, Employer asserts the trial court erred by ordering it "to provide [Employee] with additional medical treatment with Dr. Frederick Wolf, the

---

[2] Also on March 22, but subsequent to the trial court's order granting Employee's motion for medical benefits, Employee filed a motion to compel, requesting that she be "able to see a doctor of [her] choice or . . . for the court to make a decision based on a medical expert [of its choosing] to rule out that [her] current symptoms are work[-]related." Based upon our review of the record, it appears the trial court neither heard nor ruled on that motion, presumably because the trial court's March 22 order granting Employee's motion for medical benefits rendered her motion to compel moot.

authorized panel physician, when Dr. Frederick Wolf has opined that [Employee] needs no further reasonable and necessary medical treatment for her work injury." Employer further contends in its brief that Employee "failed to discharge her burden of proof" and failed to "offer any evidence of a causal link between the requested medical treatment and her work injury." Finally, Employer asserts the trial court erred by disregarding the opinion of the authorized treating physician, whose opinion was entitled to a presumption of correctness, "in the absence of any countervailing proof."

Tennessee Code Annotated section 50-6-204(a)(1)(A) provides that an employer shall furnish medical treatment to an injured worker that is "made reasonably necessary by accident." Moreover, "the question of whether a particular medical treatment is 'made reasonably necessary' must be answered based upon the proof presented at the time the treatment is proposed." *McClendon v. Food Lion, LLC*, No. E2013-00380-WC-R3-WC, 2014 Tenn. LEXIS 518, at *8 (Tenn. Workers' Comp. Panel July 11, 2014). A workers' compensation judge is authorized to "determine whether it is appropriate to order the employer . . . to provide specific medical care and treatment, medical services or medical benefits, or both, to the employee pursuant to a judgment or decree entered by a judge following a workers' compensation trial." Tenn. Code Ann. § 50-6-204(g)(2)(B). In addition, "the Supreme Court has consistently held that an employee's assessment as to his or her own physical condition is competent testimony that is not to be disregarded." *McClendon*, 2014 Tenn. LEXIS 518, at *8; *see also Limberakis v. Pro-Tech Security, Inc.,* No. 2016-08-1288, 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *7 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017) ("Unless a court terminates an employee's entitlement to medical benefits, or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker remains entitled to reasonable and necessary medical treatment causally-related to the work injury in accordance with Tennessee Code Annotated sections 50-6-204(a)(1)(A) and 50-6-102(14)(C) (2016).").

Here, it is undisputed that Employee sustained a compensable injury on November 2, 2019. Although she did not offer expert medical proof establishing the need for additional medical care, the trial court previously entered a judgment awarding her future medical benefits provided by Dr. Wolf. Moreover, Employee testified that she continues to suffer pain in her neck, back, and legs despite being released at maximum medical improvement by Dr. Wolf in January 2020. In addition, Dr. Wolf opined in a Standard Form Medical Report ("Form C-32") that, although Employee retained no permanent impairment, lifting a box at work was more likely than not "primarily responsible for the injury or primarily responsible for the need for treatment." Following her release by Dr. Wolf and the entry of the trial court's judgment, Employee attempted without success to schedule a return visit to Dr. Wolf, contending her pain has "not ever stopped." The trial court's judgment specifically required Employer to "continue to provide medical treatment with Dr. Frederick Wolf for any work-related condition." That order was not appealed.

4

In Employer's correspondence to Dr. Wolf after Employee sought additional medical treatment, it referenced his last medical note, dated January 23, 2020, and asserted Employee was examined on multiple occasions and underwent extensive objective testing that was "all within normal limits." Employer's letter also stated that Dr. Wolf had previously expressed that he could not find any "objective medical reason for [Employee's] complaints of numbness in both hands, pain in her back, feet and legs and . . . found that no additional medical treatment was required in terms of [Employee's] November 2, 2019 incident at work." Employer asked Dr. Wolf to provide his opinion, within a reasonable degree of medical certainty, as to whether Employee required any additional medical treatment for her work injury. The request for Dr. Wolf's opinion, however, was necessarily based on the information Dr. Wolf had available to him two years prior to Employee's current request for treatment and prior to the trial court's judgment awarding future medical benefits. Dr. Wolf responded in the following manner:

> I do not feel Ms[.] Lee requires further medical treatment for her work[-]related injury, as she had no objective findings on her MRI's and EMG nerve conduction study that could be related to her work injury. I have nothing further to offer her. *That said, I have not refused to see her.* Rather it is my medical opinion that there is no further treatment to offer for her workman's [sic] compensation injury.

(Emphasis added.) As the trial court emphasized, Dr. Wolf's February 2022 opinion was "based on diagnostic testing and information dating back two years." Given the circumstances presented, including the trial court's final compensation order issued in December 2021 authorizing future medical treatment with Dr. Wolf, Employee's continued symptoms and complaints of pain, the fact that Employee has not seen Dr. Wolf since January 2020, and his reliance upon diagnostic testing performed two years ago, we cannot conclude the trial court erred in ordering Employer to authorize a current evaluation by Dr. Wolf pursuant to the terms of its prior judgment.[3]

Employer also contends the trial court erred by ignoring the recommendations of the authorized physician "despite [Employee's] failing to offer any countervailing

---

[3] We do not intend to suggest, however, that an employee's right to future medical benefits has no limits. Even in circumstances where a court-approved settlement or judgment establishes an employee's entitlement to future medical benefits, if an employer produces credible expert proof that the employee's current request for treatment is not causally related to the work accident or is not reasonably necessary as a result of the accident, the burden of proof is on the employee to come forward with sufficient evidence supporting his or her claim for additional benefits. Here, Employer is basing its argument on an expert opinion that necessarily relies on information that is two years old and that was available to the parties and the court at the time the original judgment, including the award of future medical benefits, was entered.

medical proof at the hearing on her [motion]." Employer asserts Dr. Wolf's medical opinion "regarding the scope of additional medical care warranted for [Employee's] work injury was entitled to a presumption of correctness . . . [and Employee] did not enjoy a right to further medical treatment solely for purposes of an evaluation." We first note that Dr. Wolf supplied the same opinion regarding the need for additional treatment, or lack thereof, prior to the December 2021 compensation hearing, and the trial court included this information in the compensation order. Yet, the court nevertheless awarded future medical benefits with Dr. Wolf as may be made reasonably necessary by the work accident.

Moreover, in Dr. Wolf's most recent response, he reiterated that although he had nothing further to offer Employee based on the two-year-old information he had available to him, he also stated, "I have not refused to see her." Finally, Employee has not seen Dr. Wolfe since she was released at maximum medical improvement, and she testified that she continues to experience symptoms and pain she relates to the work incident. Based upon the totality of circumstances, we discern no error with the trial court's order for Employee to be seen by her authorized physician, Dr. Wolf.

**Conclusion**

Based on the foregoing, the trial court's order is affirmed and certified as final. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Courtney Lee | ) | Docket No.   2020-08-0214 |
| | ) | |
| v. | ) | State File No.  109468-2019 |
| | ) | |
| Federal Express Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 5th day of July, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Joseph R. Baker | | | | X | jbaker@mckuhn.com |
| Courtney Lee | | | | X | clee32102@gmail.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov